IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL GONZALES, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-1566 |
| DOUGLAS DRETKE, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Daniel Gonzales, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a Texas state court felony conviction for possessing cocaine with the intent to deliver. Respondent has filed a motion for summary judgment, (Docket Entry No. 10), with a copy of the state court record. Gonzales has filed a response. (Docket Entry No. 12). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

I.     **Background**

Gonzales provides the following account of the events that led to his arrest and conviction. Gonzales states that on September 28, 1995, he went to visit the home of Abel De Ases and Geralda G. Santos in Houston, Texas. While at the home, Gonzales responded to a knock on the front door, which was broken. He found police officers at the door. Gonzales asked the officers to meet him at the back. Gonzales and his son went to the back

of the residence and met the officers in the street, about twenty feet from the back door. The officers stated they were investigating a three-day old disturbance call. Gonzales responded that he knew of a disturbance between his two sons. An unmarked white van came speeding around the corner. Four officers got out of the van with weapons drawn and entered the home.

According to Gonzales, the two officers with whom he had been speaking ordered him and his son to the ground. Fifteen minutes later, the four officers who had arrived in the van ordered Abel De Ases, Geralda Santos, Isabel Barajas, and Gonzales's five-year-old daughter to leave the residence. After searching the residence for thirty minutes, the officers told De Ases and Gonzales that they had found cocaine in a kitchen drawer. The officers placed Gonzales and De Ases in a patrol car and told them that if the owner of the cocaine did not confess, the police would arrest all present and place Gonzales's child in Child Protective Services custody. Gonzales asserts that he had no knowledge of the cocaine.

Gonzales and De Ases were separated on arrival at the Harris County Jail. Gonzales was charged and released on bond. While on bond, Gonzales did not know where De Ases was or what had happened to him. (Docket Entry 12, Petitioner's Response, p. 3). Gonzales did not see De Ases after September 28, 1995.

While on bond, Gonzales retained Jim Skelton as defense counsel. A different attorney, Susan Norman, told Gonzales that if he was found guilty he would lose custody of his daughter to Geralda Santos, who had initiated child custody proceedings. The record shows that Gonzales pleaded no contest to the felony offense of possessing cocaine with the

intent to deliver it. (Cause Number 704577). Gonzales asserts that he pleaded guilty because he feared prison and losing custody of his daughter. On June 30, 1997, the court accepted Gonzales's plea and placed him on deferred adjudication for seven years. *Ex parte Gonzales,* Application No. 60,629-01 at 93.

On December 1, 2001, the State moved to adjudicate Gonzales's guilt because he had committed a new offense.[1] On April 24, 2003, the court adjudicated Gonzales's guilt and sentenced him to life imprisonment. (*Id.* at 88). On April 22, 2004, Gonzales was sent an affidavit by De Ases. In the affidavit, DeAses stated that in February 1996, he had pleaded guilty to possessing the cocaine seized on September 28, 1995. Gonzales filed an application for state habeas corpus relief on September 22, 2004. The Texas Court of Criminal Appeals denied the application without written order, on findings of the trial court, and without a hearing, on December 1, 2004. *Ex parte Gonzales,* Application No. 60,629-01 at cover.

On March 24, 2005, this court received Gonzales's federal petition. Gonzales contends that his conviction is void because his plea of no contest was not knowing and intelligent. Gonzales asserts that his counsel provided ineffective assistance by failing to investigate, which would have revealed that another person had pleaded guilty to the drug charge before Gonzales pleaded no contest, and by failing to advise Gonzales that the State's evidence was insufficient to show that he had knowledge of or exercised control over the

---

[1] It appears that Gonzales committed a sexual offense.

cocaine or that there were any affirmative facts linking him to the cocaine. Gonzales asserts that he is actually innocent. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

Respondent argues that limitations bars Gonzales's claims and that the claims lack merit. This court assumes, without deciding, that limitations does not bar the claims and addresses their merits.[2]

## II. The Applicable Legal Standards

Gonzales's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[2] Respondent argues that the limitations period began either thirty days after Gonzales entered his guilty plea in 1997 or thirty days after the trial court adjudicated his guilt in 2003. It appears from the pleadings that Gonzales did not discover the factual predicate of the claim until April 2004, when he received Abel De Ases's affidavit. If that is correct, Gonzales's state habeas application tolled limitations, and the federal petition was timely.

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)
>
> > (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court

considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson*, 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, these findings must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Because Gonzales is *pro se*, his petition is construed liberally and not held to the standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

**III.   The Claim as to the Voluntariness of the Guilty Plea**

Gonzales asserts that his plea of no contest was neither knowing nor voluntary because he entered the plea without knowing that De Ases had earlier pleaded guilty to possessing the cocaine seized from the home on September 28, 1995. Gonzales states that if he had known of De Ases's guilty plea, he would not have pleaded no contest to the same offense.

De Ases stated in his affidavit that when the cocaine was discovered, he immediately told the police that the cocaine belonged to him and that Gonzales knew nothing about it. De Ases stated that Gonzales's counsel never interviewed him. De Ases stated that Gonzales was innocent of the cocaine charge. Gonzales asserts that De Ases learned of Gonzales's conviction through a friend, obtained Gonzales's address, and forwarded the affidavit to him. (Docket Entry No. 2, Petitioner's Memorandum, Affidavit B, p. 4).

A federal court must uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985); *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," a court will uphold the plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on June 30, 1997, Gonzales appeared in open court and entered a plea of no contest. *Ex parte Gonzales,* Application No. 60,629-01 at 74. Gonzales signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE." Gonzales acknowledged that on September 28, 1995, he unlawfully, intentionally, and knowingly possessed with intent to deliver a controlled substance, namely cocaine weighing more than 4 grams and less than 200 grams by aggregate weight, including any adulterants and dilutants. Gonzales did not contest the truth of the allegations in the indictment. (*Id.* at 74).

Gonzales waived his rights to trial by jury, to confrontation and cross-examination of witnesses, and against self-incrimination. Gonzales consented to the oral and written stipulation of evidence and the introduction of affidavits, written statements of witnesses, and other documentary evidence. Gonzales stated that he was satisfied with the attorney representing him. Gonzales stated that he would enter a plea without an agreed recommendation from the prosecutor and that he would agree to any recommendation of the prosecutor. (*Id.* at 74).

The state trial court admonished Gonzales, in writing, as to the nature of the offense charged and the punishment range. (*Id.* at 75). Gonzales signed a two-part document containing the admonishments. The first part, entitled "ADMONISHMENTS," listed six separate items. Gonzales placed his initials beside each of the six admonishments. (*Id.* at 75, 78). The document stated that the range of punishment was 5 to 99 years confinement in prison and a fine of $10,000. (*Id.* at 75). Gonzales also placed his initials by each of

twelve statements in the second part of the document, entitled "STATEMENTS AND WAIVERS OF DEFENDANT." (*Id.* at 79-81). These statements verified that Gonzales had understood the trial court's written admonishments and waived the right to have the trial court orally admonish him. (*Id.* at 79). The initials indicated Gonzales's understanding that if the trial court granted deferred adjudication, Gonzales could be arrested and detained if he violated any condition and would be entitled to a hearing limited to the court's decision whether to proceed with an adjudication of guilt on the original charge. Gonzales indicated his understanding that if the court determined that he had violated a probation condition, no appeal could be taken and the court could punish within the full range available for the charged offense and that after an adjudication of guilt, all proceedings, including the assessment of punishment and right to appeal, continued as if the adjudication had not been deferred. (*Id.* at 79). By initialing these statements, Gonzales indicated that he fully understood the consequences of his plea and had consulted with counsel, and that he freely and voluntarily entered his plea with his counsel's approval. (*Id.* at 80). Gonzales's signature indicates that he understood the nature of the charge against him and the consequences of his plea.

Gonzales's court-appointed defense attorney also signed the plea of no contest, stating that he had fully discussed the plea and its consequences with Gonzales and believed that Gonzales had entered his plea knowingly and voluntarily. (*Id.*).

The trial court determined that Gonzales had entered his plea knowingly and voluntarily after discussing the case with his attorney. The trial court found that counsel was

competent and had effectively represented Gonzales. *Ex parte Gonzales,* Application No. 60,629-01 at 74. The trial court determined that Gonzales was mentally competent and the plea was entered freely and voluntarily.

"Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court entered the following findings:

> 5. Applicant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and "Admonishments" in cause number 704577 which reflect that the trial court properly admonished Applicant in accordance with Article 26.13 of the Code of Criminal Procedure;
>
> 6. Applicant signed a "Conditions of Community Supervision" in cause number 704577 which reflect that the trial court properly admonished Applicant to the terms and conditions of his deferred adjudication and community supervision; and
>
> 7. Applicant fails to overcome the presumption created by the trial court's records that his plea was knowing and voluntary.

*Ex parte Gonzales,* Application No. 60,629-01 at 63. The Texas Court of Criminal Appeals also denied relief.

This court is required to presume that the state court's findings of fact that are supported by the record are correct. *Loyd v. Smith*, 899 F.2d 1416, 1425 (5th Cir. 1990); *Hogue v. Johnson*, 131 F.3d 466, 505 (5th Cir. 1997). The state-court record fairly supports the finding that Gonzales's guilty plea was voluntary. The record shows that Gonzales voluntarily entered a guilty plea after consulting with counsel. The state court's decision to deny relief was not contrary to clearly established federal law. Gonzales's claim for habeas relief based on the involuntariness of his guilty plea lacks merit. 28 U.S.C. § 2254(d)(1).

## IV.   The Claim of Ineffective Assistance of Counsel

Gonzales claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel. Gonzales explains that his defense counsel only spoke to him twice and never told him that De Ases had pleaded guilty to possessing the cocaine found in the home. Gonzales also complains that his counsel should have told him that the evidence was insufficient to convict. Additionally, Gonzales states that in 1996 and 1997, the State Bar of Texas investigated two complaints that his counsel had failed to investigate cases. (Docket Entry No. 2, Petitioner's Memorandum, p. 10). Gonzales states he would have terminated counsel's representation if he had known that the State Bar was investigating.

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962). To prevail

on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984); *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel provided reasonably effective assistance or that there was no prejudice. There is no need to reach both components of the inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, a court must indulge a strong presumption that the performance fell within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson*, 120 F.3d 551, 564 (1997)(quoting *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors, the petitioner would not have entered a guilty plea and would have insisted on a trial. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett*, 67 F.3d 80 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

Because Gonzales pleaded no contest, the inquiry is whether counsel's performance interfered with his ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984). Gonzales's complaints against his defense counsel are examined below.

Gonzales claims that his counsel should have investigated and learned that Abel De Ases had already pleaded guilty to possessing the cocaine seized on September 28, 1995. To proceed on his failure to investigate claim, Gonzales must specify what a proper investigation would have revealed and how it would have benefitted him. *United States v. Glinsey,* 209 F.3d 386, 393 (5th Cir. 2000) (citing *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989)). Gonzales insists that counsel should have discovered that Abel De Ases had pleaded guilty to possessing the cocaine seized on September 28, 1995. The record, however, shows that Gonzales did not alert his counsel of the possibility that Abel De Ases may have pleaded guilty to possessing cocaine. Gonzales does not explain how his counsel was to have discovered this information or known to search for it. Nothing in the record shows that Abel De Ases was listed as a codefendant in Cause Number 704577. As noted, Gonzales did not learn of De Ases's guilty plea until he received the affidavit from De Ases in April 2004. The court has learned through telephone inquiry that in February 1989, Abel De Ases was convicted of possession of cocaine in the 337th Judicial District

Court of Harris County, Texas. He was released to parole on April 6, 1996.[3] (Cause Number 498768). The TDCJ-CID indicated that Abel De Ases is not an inmate. The court's online research reveals no information concerning a more recent state conviction for Abel De Ases.

Even if counsel had provided ineffective assistance, which the record does not support, Gonzales must also show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Gonzales does not explain how an investigation that discovered an earlier plea by De Ases would have changed the outcome. Gonzales stated that he entered a no contest plea to avoid the risks of prison and losing custody of his child. Counsel told Gonzales that if he entered a plea of no contest, the prosecutor would recommend deferred adjudication probation. (Docket Entry No. 2, Petitioner's Memorandum, Affidavit B, p. 1). On this advice, Gonzales agreed to plead no contest and accept deferred adjudication. (Docket Entry No. 2, Petitioner's Memorandum, p. 21). Gonzales received a term of seven years deferred adjudication when he pleaded no contest. Gonzales has not shown that he would have insisted on a trial, which exposed him to a prison sentence ranging from 5 to 99 years. Gonzales's claim that he would not have entered a guilty plea if he had known that Abel De Ases had already entered

---

[3] The events that lead to Gonzales's arrest and conviction took place on September 28, 1995. This date was before Abel De Ases was released on parole. The court is unable to verify if the Abel De Ases mentioned by Gonzales is the same person who was released on parole in April 1996.

a guilty plea is inconsistent with the record as to the reasons Gonzales pleaded no contest and is entirely conclusory. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Gonzales also argues that he was unfamiliar with the legal process and did not enter a knowing plea. The summary judgment evidence shows that Gonzales stated, in court, in writing that he understood the trial court's admonishments, understood the consequences of his guilty plea, and freely and voluntarily pleaded guilty. *Ex parte Gonzales,* Application No. 60,629-01 at 74. Gonzales also stated, in court, in writing that he had discussed the contents of the court's written admonishments with his attorney and understood them, and he was satisfied with the representation trial counsel had provided. These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e).

The state habeas court found counsel's conduct did not fall below an objective standard of reasonableness and that there was no reasonable probability that, but for counsel's alleged deficient conduct, the result of the proceeding would have been different. *Ex parte Gonzales,* Application No. 60,629-01 at 62, Finding #3. The court found that Gonzales had failed to show what a more thorough investigation would have revealed or that it would have changed the result of the proceedings. *Id.*, Finding #4.

This court must afford the state court's factual findings a presumption of correctness, which Gonzales has failed to rebut. 28 U.S.C. § 2254(d)(2). The record shows that counsel reviewed the evidence and advised Gonzales to enter a plea of no contest. Counsel's actions are well within the range of practical choices, not to be second-guessed. The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly

established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

Gonzales also asserts that counsel failed to advise him that the evidence was insufficient to convict him. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682. Gonzales's challenge to the sufficiency of the evidence is waived. By a guilty plea, he waived his right to demand evidence to sustain his conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary"). Because Gonzales has not shown that his guilty plea was involuntary, his allegation that his conviction was unsupported by sufficient evidence presents no basis for federal habeas corpus relief.

Gonzales's claims that his counsel failed to discuss the sufficiency of the evidence or disclose that counsel was under investigation by the State Bar of Texas do not overcome his waiver or provide a basis for habeas relief on the merits.

## V. The Claim Based on Actual Innocence

Gonzales argues that the April 2004 De Ases affidavit established his innocence. A claim of actual innocence based on newly discovered evidence, independent of any constitutional violation or error, cannot serve as a ground for federal habeas relief. *Herrera*

*v. Collins,* 506 U.S. 390 (1993). The United States Supreme Court noted in *Herrera v. Collins*, 506 U.S. 390, 416-417 (1993):

> Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings. Our federal habeas cases have treated claims of "actual innocence," not as an independent constitutional claim, but as a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits, even though his habeas petition would otherwise be regarded as successive or abusive. History shows that the traditional remedy for claims of innocence based on new evidence, discovered too late in the day to file a new trial motion, has been executive clemency.

*Id.* 416-17.

The Fifth Circuit has repeatedly upheld a district court's conclusion that a petitioner's claim of actual innocence does not provide a separate basis for habeas relief. *See Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied,* 532 U.S. 915 (2001); *Graham v. Johnson,* 168 F.3d 762, 788 (5th Cir. 1999), *cert. denied,* 529 U.S. 1097, (2000) (same); *Robison v. Johnson,* 151 F.3d 256, 267 (5th Cir. 1998), *cert. denied,* 526 U.S. 1100 (1999); *Lucas v. Johnson,* 132 F.3d 1069, 1074-75 (5th Cir.), *cert. dismissed,* 524 U.S. 965 (1998).

The state habeas court found that Gonzales had failed to allege facts that, if true, would constitute clear and convincing evidence such that no reasonable juror would have convicted him in light of that new evidence. *Ex parte Gonzales,* Application No. 60,629-01 at 62, Finding #1. The court further found that Gonzales merely offered the conclusory allegation that he was actually innocent because someone else pleaded guilty to the same offense, which was not enough for habeas relief. *Id.*, Finding #2. This court must afford the

state court's factual findings a presumption of correctness, which Gonzales has failed to rebut. 28 U.S.C. § 2254(d)(2). The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly-established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

## VI. Conclusion

Respondent's motion for summary judgment, (Docket Entry No. 10), is granted. Gonzales's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." When considering a request for

a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325. Because Gonzales has not made the necessary showing, this court will not issue a COA.

SIGNED on May 30, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge
